## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANTONIO L. SIMMONS,

        Petitioner,

v.                                                         Case No. 07-C-604

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

        Respondent.

## RULE 4 ORDER

The petitioner, Antonio L. Simmons, who is currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition states that the petitioner was convicted of two counts of first-degree recklessly endangering safety while armed with a dangerous weapon and one count of second-degree recklessly endangering safety while armed with a dangerous weapon. By his petition, the petitioner challenges the February 7, 2001, judgment of conviction on the following grounds: (1) his conviction was the result of the denial of his Fourteenth Amendment right to a new trial based on newly-discovered evidence; and (2) his conviction was the result of the denial of his Sixth Amendment right to effective assistance of post-conviction counsel. Specifically, the petitioner asserts that post-conviction counsel rendered ineffective assistance when counsel failed to argue the petitioner's trial counsel's ineffectiveness on six different issues.

The petitioner also filed a motion for leave to proceed in forma pauperis (Docket #2), two motions to appoint counsel (Docket #3, #11) and a motion for an evidentiary hearing (Docket #4). The petitioner paid the $5.00 filing fee and accordingly, his motion to proceed in forma pauperis will be denied as moot.

Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction he now challenges. The court is also satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of his rights under the United States Constitution. Moreover, it appears from the petition that the petitioner either exhausted his state court remedies or that there is no available state corrective process from which the petitioner can still seek a remedy.

Therefore, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer, motion or other response has been served and filed, the court will enter orders as necessary to facilitate the orderly progression of the action to disposition.

With respect to the petitioner's motions to appoint counsel, based on its review of the petitioner's application to proceed without prepayment of fees and affidavit, this court concludes that the petitioner is financially unable to employ counsel. The court further concludes that the question of whether the plaintiff ultimately is entitled to habeas corpus relief on the grounds he presents as a basis for constitutional error presents legal issues requiring legal talent.

Nevertheless, it appears that the petitioner's petition may be untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for habeas corpus relief. 28 U.S.C. § 2244(d); see Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). Specifically, 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

However, the AEDPA does provide for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Upon due consideration, at this juncture, the petitioner's motions for appointment of counsel will be denied.

For the same reason, the petitioner's motion for an evidentiary hearing will also be denied without prejudice at this time. The petitioner may renew his motions for appointment of counsel and for an evidentiary hearing if the respondent answers the petition without raising the timeliness of the petition or if a motion to dismiss is filed and denied by the court.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to proceed in forma pauperis is **denied** as moot. (Docket #2).

**IT IS FURTHER ORDERED** that the petitioner's motions to appoint counsel be and hereby are **denied** without prejudice. (Docket #3, #11).

**IT IS ALSO ORDERED** that the petitioner's motion for an evidentiary hearing be and hereby is **denied** without prejudice. (Docket #4).

**IT IS ALSO ORDERED** that the respondent be and hereby is directed to serve and file an answer, motion or other response to the petition for a writ of habeas corpus no later than **September 17, 2007.**

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the court to the respondent or the respondent's attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each respondent or to the respondent's attorney.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order and the file contents via the United States mail to Gregory M. Weber, Assistant Attorney General, Wisconsin Department of Justice, Office of Attorney General, P. O. Box 7857, Madison, Wisconsin 53701.

**IT IS ALSO ORDERED** that a copy of this order shall be mailed to the respondent.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge