# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ANTONIO L. SIMMONS,

                 Petitioner,

     v.                                           Case No.  07-CV-604

MICHAEL THURMER,

                 Respondent.

_____

## ORDER

On March 27, 2009, the court denied Antonio L. Simmons's ("Simmons") petition for a writ of habeas corpus. (Docket #58). On April 13, 2009, Simmons filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket #60). Before the court had the opportunity to rule on his Rule 59(e) motion, Simmons filed a notice of appeal on May 11, 2009. (Docket #62). Simmons also filed a request for a certificate of appealability, a motion for leave to proceed *in forma pauperis* on appeal, and a motion to appoint counsel. Then, on June 5, 2009, Simmons filed a supplemental motion "to put this court on notice that the state has not challenged Simmons 59(e) motion . . . ." (Docket #76). Simmons is quite right in that Michael Thurmer has not responded to his motion. The court will address Simmons's Rule 59(e) motion first before proceeding to the motions relating to his appeal.

As an initial matter, the court notes that Simmons's filing of a notice of appeal did not deprive the district court of its power to consider Simmons's Rule 59(e)

motion.  Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, the 30 day window to file an appeal runs from the entry of the district court's order disposing of a motion for reconsideration.  When a party files a notice of appeal after judgment is entered in the case, but before the district court disposes of any timely motion for reconsideration, the notice of appeal becomes effective when the district court disposes of the post-judgment motion.  Fed. R. App. P. 4(a)(4)(B)(I).  Therefore, Simmons's previously filed notice of appeal is ineffective until the court disposes of his motion for reconsideration.  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (holding Rule 4 of Federal Rules of Appellate Procedure "renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending . . .").

To prevail on a Rule 59(e) motion, the movant must clearly establish that the court made a manifest error of law or fact, or must present some newly discovered evidence.  *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).  Simmons contends that the court erred in several respects.

Simmons argues that the court erred by applying the incorrect standard in reviewing the Wisconsin Court of Appeal's decision in his case.  In its March 27, 2009 order denying Simmons's petition, the court assessed whether the Wisconsin Court of Appeals had reasonably applied the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), to Simmons's ineffective assistance of counsel claims. Simmons asserts that the court should have first decided whether the Wisconsin

-2-

Court of Appeals applied the correct standard in deciding his case. However, this would have been a rather futile exercise since the Wisconsin Court of Appeals purported to apply *Strickland*, and Simmons concedes that *Strickland* should apply to his case. Therefore, Simmons demonstrates no manifest error by the court on this front.

Next, Simmons argues that the court erred in assessing the reasonableness of the Wisconsin Court of Appeals decision under *Strickland*. In doing so, Simmons mainly rehashes the arguments he originally made in support of his petition, but also asserts that the court looked to an improper heightened standard rather than the standard set forth in *Strickland* in considering his petition. Simmons directs the court to its statement that "viewing Simmons's petition as a whole, Simmons has not shown that the result of his trial was fundamentally unfair or unreliable." (Order, March 27, 2009, 22-23, Docket #58). The court cited *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993), in support of that statement. Simmons asserts, correctly, that the heightened *Strickland* standard set forth in the Supreme Court's decision in *Lockhart* does not apply to his case. The court is fully aware that it would have been contrary to, and an unreasonable application of, Supreme Court precedent for the Wisconsin Court of Appeals to apply *Lockhart* to Simmons's case. The court of appeals did not apply *Lockhart*. Nor did the court in its March 27, 2009 order. The court merely cited a portion of *Lockhart* interpreting *Strickland*. In *Strickland*, the Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether

-3-

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686. Therefore, the court finds no manifest error in the legal standard it applied to Simmons's claims. *See Eckstein v. Kingston*, 460 F.3d 844, 850-51 (7th Cir. 2006) (noting that overall reasoning must be consistent with *Strickland*, notwithstanding occasional references to reliability of witnesses).

Simmons also argues that the court should have granted him a full and fair hearing before dismissing his habeas petition. Simmons claims that he was denied a full and fair hearing in the state courts. The court has previously found that a hearing was not necessary in this case, and the court finds no reason to revisit that assessment. In Simmons's case, a hearing would have been required only if Simmons had both alleged "facts which, if proved, would entitle him to relief" and which, for reasons beyond the petitioner's control, the state courts "never considered in a full and fair hearing." *Davis v. Lambert*, 388 F.3d 1052, 1061-62 (7th Cir. 2004) (citation omitted) (setting forth rule for granting hearing when habeas petitioner alleges ineffective assistance of counsel and failure to investigate). Simmons has not alleged facts which, if proved, would entitle him to relief in the form of a writ of habeas corpus. Indeed, Simmons has made many allegations regarding his trial and appellate counsel. For example, Simmons claims that his counsel did not contact witnesses whose contact information Simmons provided. But as the court attempted to convey in its March 27, 2009 order, even if testimony were elicited at an

-4-

evidentiary hearing, and that testimony supported Simmons version of events, Simmons would not necessarily be entitled to habeas relief. Therefore, the court finds no reason to reopen this issue.

Simmons also makes several editorial comments on the court's order, including the court's use of the word "purported" and the structure of the court's written opinion. The court declines to address these items as they do not rise to the level of manifest errors of law or fact. Accordingly, the court is obliged to deny Simmons's motion to alter or amend judgment under Rule 59(e). The court now turns to Simmons's appeal-related motions, beginning with his application for a certificate of appealability.

The court may not issue a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this requirement to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted). A petitioner need not show that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the court determines that a petitioner has made a substantial

-5-

showing of the denial of a constitutional right, the court will identify the specific issues which satisfy the showing. 28 U.S.C. § 2253(c)(3).

In his application, Simmons has rephrased the same issues he presented in his habeas petition. His arguments in support of certification also mimic the arguments the court rejected in denying Simmons's Rule 59(e) motion. The court does not find that reasonable jurists would consider the court's denial of habeas relief in this case either debatable or wrong. Moreover, the court finds no need to encourage any further proceedings on Simmons's federal habeas petition. Accordingly, the court is obliged to deny Simmons's request for a certificate of appealability.

The court now turns to Simmons's motion to proceed *in forma pauperis* on appeal. A party seeking to appeal *in forma pauperis* may file a motion with the district court, and must include the following: (1) an affidavit demonstrating that he is unable to pay the filing fee; (2) a claim that he is entitled to redress; and (3) a statement of the issues that he intends to present on appeal. Fed. R. App. P. 24(a)(1). Simmons has submitted an affidavit establishing his indigence. In his affidavit, he states he has received a $25.00 gift from his mother and maintains $500.00 in an inmate release account he asserts that he cannot use. Simmons has also claimed that he is entitled to redress from the court's supposed errors, and has stated in his application for a certificate of appealability the issues he intends to present on appeal. Finally, to the extent the court must consider Simmons's

-6-

motivations, the court does not find that Simmons has appealed in bad faith. Although the court determined that Simmons has not made a substantial showing of the denial of a constitutional right, the court has not determined that all of Simmons's arguments are frivolous or malicious. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Simmons's motion to proceed *in forma pauperis* on appeal is granted.

Lastly, Simmons again asks the court to appoint Robert Henak to represent him. Simmons states that Mr. Henak has been helping him for about six years and is familiar with his case, but that Simmons cannot afford to employ Henak. The court has denied Simmons's request for appointed counsel many times. In considering whether to appoint counsel for a habeas petitioner, the court looks to five factors:

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citation omitted). Here, while the merits of Simmons's claims may be colorable, Simmons has demonstrated to the court that he is capable of advocating for his position without appointed counsel. Therefore, the court denies Simmons's motion.

Accordingly,

**IT IS ORDERED** that petitioner's motions to alter or amend judgment (Docket ##'s 60 and 76) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability (Docket #65) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's motion for leave to appeal *in forma pauperis* (Docket #64) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket #66) be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 15th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-